# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES D. DENNIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:12-1798** |
| v. | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **RON COLBERT and COMMUNITY COUNSELING SERVICES** | : | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION[1]

On September 10, 2012, the plaintiff, an inmate at the Luzerne County Prison, Wilkes-Barre, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983 in which he alleges violations of his constitutional rights. (Doc. No. 1). On September 11, 2012, the Clerk issued a 30 Day Administrative Order since the plaintiff failed to file the appropriate application to proceed *in forma pauperis* or authorization form. On September 19, 2012, the appropriate forms were filed. (Doc. Nos. 4 and 5).

On September 27, 2012, the court received returned mail and on October 2, 2012 the court telephoned the Luzerne County Prison and was informed that the plaintiff had been released and was given the plaintiff's last

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

known address.

On October 3, 2012, the undersigned issued an order directing the clerk to provide new forms to the plaintiff at his new address and for the plaintiff to return the forms to the court. On October 9, 2012, the court received return mail. The court has had no further correspondence from the plaintiff.

The plaintiff's failure to inform this court of a change of address constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to advise the court of a new address, and has made no contact with the court, it justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: November 13, 2012**
O:\shared\REPORTS\2012 Reports\12-1798-01.wpd