IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES D. DENNIS, :
    Plaintiff : No. 1:12-cv-1798
     :
    v. : (Chief Judge Kane)
     :
RON COLBERT and COMMUNITY : (Magistrate Judge Mannion)
COUNSELING SERVICES, :
    Defendants :

**ORDER**

Pending before the Court is a Report and Recommendation prepared by Magistrate Judge Mannion on November 13, 2012, recommending that Plaintiff's complaint be dismissed for failure to prosecute the action pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 13.) Plaintiff has not filed any objections. For the reasons that follow, the Court will adopt the Report and Recommendation.

On September 10, 2012, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) At the time, he was an inmate at the Luzerne County Prison, in Wilkes-Barre, Pennsylvania. Plaintiff has since been released from prison. The Court has taken appropriate action to locate Plaintiff, but Plaintiff has failed to keep the Court informed of his address, and failed to comply with orders of the Court. Despite the Court's efforts to locate Plaintiff, the Court has had no correspondence with Plaintiff since September 19, 2012. Magistrate Judge Mannion therefore recommends that the Court dismiss Plaintiff's case for failure to prosecute. (Doc. No. 13.)

Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm

1

Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868). The Court has balanced the Poulis factors in this case and finds that the factors weigh in favor of dismissal.

Regarding the first factor, Plaintiff is proceeding pro se, and is thus personally responsible for informing the Court of his address and complying with Court orders.

With respect to the second factor, the Court is without sufficient information to support a finding that Plaintiff's failure to provide the Court with his contact information and failure to comply with court orders has materially prejudiced Defendants. Defendants have not yet been served, and have not entered an appearance in this action. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotation marks and citation omitted). While Plaintiff's failure to prosecute has delayed resolution of this action, this delay has not materially prejudiced Defendants. Thus, this factor does not weigh in favor of dismissal.

Third, Plaintiff's repeated failure to respond to motions and orders evinces a history of dilatoriness weighing in favor of dismissal. Plaintiff's history of dilatoriness is further supported by his failure to comply with court orders in two other cases that he has initiated in this Court.

See Dennis v. Evans, No. 1:09-cv-656; Dennis v. Feeney, No. 1:11-cv-1293.

Fourth, although he was given opportunities to inform the Court of his current address, and to explain the reasons for his delay, Plaintiff has not provided the Court with any reason for his nonperformance. Thus, while the Court does not have sufficient information to support a finding of bad faith or willfulness, this factor cannot be said to weigh against dismissal. In the absence of any explanation for Plaintiff's failure to prosecute, this factor is neutral to the Court's analysis.

Fifth, monetary sanctions are unlikely to be effective given that Plaintiff appears to be indigent, having filed for in forma pauperis status in this case, and having been granted in forma pauperis status in other cases in this Court. See Dennis v. Evans, No. 1:09-cv-656; Dennis v. Feeney, No. 1:11-cv-1293.

Finally, as to the sixth factor, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870. Plaintiff's complaint can be liberally construed to allege claims under the Eighth Amendment relating to the conditions of his confinement at the Luzerne County Prison. Magistrate Judge Mannion has not yet conducted a screening of Plaintiff's complaint, to determine the merits of his claims. However, even if Plaintiff's claims were meritorious, given his utter failure to participate in the prosecution of his claim, a balancing of the Poulis factors supports dismissal of Plaintiff's lawsuit.

In balancing the Poulis factors, the Third Circuit has explained that "no single Poulis factor is dispositive," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti,

964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). Here, regardless of whether Plaintiff's claims are meritorious, the Court is "powerless to provide protection, even as to a bona fide [civil rights] claim . . . , without the continued participation of the plaintiff, who after all is the one who commences the action and seeks redress through the judicial process." Robinson v. English Dep't of the Univ. of Pa., Nos. 87-cv-2476, 87-cv-2554, 1988 WL 120738, at *3 (E.D. Pa. Nov. 8, 1988). In this case, Plaintiff's complete failure to participate in litigation warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**ACCORDINGLY**, on this 6th day of December 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge Mannion (Doc. No. 25) is **ADOPTED** consistent with the foregoing reasoning, and this case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case.

                                        S/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania